UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALUMNA SAGY,

                Plaintiff,                  **REPORT AND**
  -against-                                   **RECOMMENDATION**

AMERICAN BANKERS INSURANCE        20-cv-4199 (GRB)(SIL)
COMPANY OF FLORIDA a/k/a ASSURANT
and FEDERAL EMERGENCY
MANAGEMENT AGENCY,

                Defendants.
----------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this flood insurance action, on referral from the Honorable Gary R. Brown for report and recommendation, is Defendant Federal Emergency Management Agency's ("FEMA") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1). *See* Notice of Motion to Dismiss by FEMA ("FEMA's Motion"), Docket Entry ("DE") [49]; Memorandum of Law in Support of Defendant FEMA's Motion to Dismiss ("FEMA Mem."), DE [50]. By way of Complaint dated September 16, 2020, *pro se* Plaintiff Aluma Sagy ("Plaintiff" or "Sagy") sued FEMA and American Bankers Insurance Company of Florida, Inc. a/k/a Assurant ("ABIC" or "American Bankers," together "Defendants") for a denial of a flood loss claim arising under the National Flood Insurance Act 42 U.S.C. § 4001 ("NFIA") in connection with a policy issued pursuant to the National Flood Insurance Program ("NFIP"). *See generally* Complaint ("Compl."), DE [1]. Judge Brown referred FEMA's motion for pre-motion conference and any subsequent motion to this Court on June 4, 2021, and FEMA filed

1

its fully briefed motion to dismiss on May 6, 2022, which Plaintiff opposes. June 4, 2021 Electronic Order; FEMA Mot.; Response in Opposition to Motion to Dismiss ("Pl. Opp."), DE [54]; Reply Memorandum of Law in Further Support of Defendant FEMA's Motion to Dismiss ("FEMA Reply"), DE [55]. For the reasons set forth below, the Court respectfully recommends granting FEMA's Motion and dismissing it as a defendant in this case.[1]

## I.   BACKGROUND

The following facts are taken from the Complaint and the parties' submissions, and are assumed true for purposes of this motion.

### A. Relevant Facts

Plaintiff resides at 188 Seaview Avenue, Island Park, New York. Compl. at 2. FEMA is a federal agency within the Department of Homeland Security ("DHS") that coordinates the response to disasters in the United States, and it administers programs such as the NFIP. *See id.*; *see* FEMA Mem. at 3. American Bankers is a Write Your Own ("WYO") company that issues Standard Flood Insurance Policies ("SFIPs") pursuant to the NFIP. FEMA Mem. at 2. American Bankers issued an SFIP number 6400855645 for Plaintiff's house with a policy period of June 14, 2018 to June 14, 2019 and SFIP number 7405995805 with a period of August 27, 2020 through August 27, 2022. *See* Declaration of Diane C. Leonardo ("Leonardo Decl."), Exhibit ("Ex.") B, Answer of American Bankers, ¶¶ I, III; FEMA Reply at 4; Pl. Opp.

---

[1] At the same time the Court enters this Report and Recommendation, it also issues an R&R recommending that the Court grant ABIC's motion for summary judgment, which if both are adopted, would dismiss this case. *See* DE [73].

Exs. G, J, K. Sagy, however, claims that the insurance policy is with FEMA and that she received a payment from FEMA dated February 5, 2021, although the check submitted was issued by ABIC. *See* Pl. Opp. at 1; Pl. Opp. Ex. E.

Torrent Technologies, Inc. ("Torrent") generally handles policy issuance, renewal and cancellation claims, and other day-to-day operational matters for SFIPs issued by FEMA directly. Declaration of Aaron Truitt ("Truitt Decl.") ¶ 3. Torrent maintains, in its regular course of business, an electronic database of FEMA-issued SFIPs, as well as documents related to those SFIP holders and claims made under their policies. *Id.* ¶ 5. On the other hand, WYO participants in the NFIP sell and service SFIPs in their own information technology systems or through private third parties. Declaration of Joseph F. Cecil ("Cecil Decl.") ¶ 4. The data from the WYO system is transmitted to the NFIP system of record for the purpose of FEMA reporting and auditing, which is called "PIVOT," and is solely a reporting system, rather than a policy servicing system. *Id.* Torrent reports NFIP policy data for FEMA-issued NFIPs to the PIVOT system in a manner similar to a WYO insurer. *Id.* FEMA contends that Aaron Truitt ("Truitt"), a Litigation Examiner at Torrent, reviewed its electronic database and determined that FEMA did not issue an SFIP to Plaintiff to insure her property located at 188 Seaview Avenue, Island Park, New York 11558. Truitt Decl. ¶¶ 6-8.

On or about October 27, 2018, a storm occurred and caused flood damage to Plaintiff's home. Compl. at 5. Sagy alleges that these losses should be covered under her SFIP, but Defendants refuse to pay her claim, which she estimates to be $280,000.

3

*Id*. at 5-6. Attached to the Complaint and Opposition are invoices for estimates and repairs on the home dated between October 28 and October 30, 2018 totaling over $270,000 and include: (i) yard cleaning; (ii) removing debris; (iii) replacing the hot water heater, boiler and piping; (iv) repairing wood flooring; (v) repairing pool stone, liner, pavers and concrete; (vi) replacing baseboard molding, drywall, plaster and paint; (vii) cleaning; (viii) installing electrical wiring; and (ix) an inspection and structural damage report. *See* Compl. Ex. 1; Pl. Opp. Exs. D-F.

On February 25, 2020, Sagy and her son spoke with Joseph F. Cecil ("Cecil"), a Lead Management and Program Analyst for DHS Office of the Flood Insurance Advocate ("OFIA"), which is within FEMA. Pl. Opp. at 1-2; Cecil Decl. ¶¶ 1, 5. The parties dispute what was discussed on the call. Plaintiff alleges that Cecil confirmed that she had a policy with FEMA and provided her with the policy number, and that Cecil explained her to that Truitt does not work for FEMA and that Torrent is the wrong database to search. Pl. Opp. at 2.

Cecil claims that during the February 25, 2020 call with Sagy and her son, Cecil validated in PIVOT that the property at 188 Seaview Ave, Island Park, NY 11558 had been insured by ABIC, and flood insurance policy number 6500855645 expired on June 14, 2019. *Id*. ¶ 6. Cecil further alleges that he spoke with Sagy, her son and her granddaughter on April 20, 2022 and verified in PIVOT that a new policy number 7405995805 was issued by ABIC for the home and was effective from August 27, 2020 through August 27, 2022 and sent Plaintiff an email confirming this information. *Id*. ¶ 8; *see* Pl. Opp. Ex. 1. Cecil claims that they also spoke about

4

Truitt's Declaration served upon Sagy with FEMA's Motion, and Cecil stated to Plaintiff that he "did not personally know Aaron Truitt" and that the document "seemed to indicate that Aaron Truitt worked for Torrent, rather than FEMA," and further stated that "the coverage in the name of Aluma Sagy covering property at 188 Seaview Avenue, Island Park, New York 11558, is serviced by American Bankers and American Bankers does not use Torrent's system." *Id.* ¶ 11.  Cecil claims that he spoke with Sagy again on April 23, 2022 and explained the general requirements of a Proof of Loss for an SFIP.  *Id.* ¶ 14.

### B. Procedural History

Sagy commenced this action against FEMA and ABIC by way of Complaint on September 16, 2020 pursuant to the NFIA for denial of a flood damage claim to her home under an SFIP and seeks over $280,000 in damages.  *See* Compl.  ABIC answered on March 9, 2021.  *See* DE [10].

On May 28, 2021, FEMA filed a motion for pre-motion conference before Judge Brown, which he referred to this Court as well as the anticipated motion to dismiss on June 4, 2021.  *See* DE [17]; June 4, 2021 Electronic Order.  FEMA filed the fully briefed motion pursuant to Fed. R. Civ. P. 12(b)(1) on May 6, 2022.  *See* FEMA Mot.  Plaintiff opposes.  *See* Pl. Opp.  For the reasons set forth below, the Court respectfully recommends granting FEMA's Motion and dismissing it as a defendant in this case.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Under Article III, Section 2 of the United States Constitution, "the jurisdiction of the federal courts is limited to 'Cases' and 'Controversies,' which 'restricts the

authority of the federal courts to resolving the legal rights of litigants in actual controversies.'" *Amityville Mobile Home Civic Ass'n v. Town of Babylon*, No. 14-CV-2369, 2015 WL 1412655, at *2 (E.D.N.Y. Mar. 26, 2015) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71, 133 S. Ct. 1523, 1528 (2013) (internal quotation omitted)). In the absence of a case or controversy, Fed. R. Civ. P. 12(b)(1) "provides that a party may move to dismiss a case for lack of subject matter jurisdiction." *Amityville Mobile Home*, 2015 WL 1412655, at *3; *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Keita v. FEMA*, No. 17-CV-885 (ENV) (ST), 2021 WL 3549876, at *2 (E.D.N.Y. Aug. 11, 2021) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The United States may not be sued unless it expressly waives its immunity, and that consent is a prerequisite for subject matter jurisdiction. *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 205, 212, 103 S. Ct. 2961, 2965, (1983)). "Moreover, waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied," *Adeleke*, 355 F.3d at 150 (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33, 112 S. Ct. 1011, 1014 (1992)), and "should be strictly construed in favor of the [g]overnment so as not to extend the waiver beyond what Congress intended." *Keita*, 2021 WL 3549876 at *4 (quoting *Mendez & DeJesus Grocery Store v. U.S. Dep't of Agric.*, No. 97-CV-1099, 1997 WL 250458, at *2 (S.D.N.Y. May 12, 1997)). The

6

plaintiff bears the burden of establishing that her claims fall within an applicable waiver, or, as a result, the case is properly dismissed for lack of subject matter jurisdiction. *Makarova*, 201 F.3d at 113.

When reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but it should not draw inferences favorable to the plaintiff. *Foster v. Federal Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 721 (E.D.N.Y. 2015) (quoting *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings" to resolve the jurisdictional issue. *Foster*, 128 F. Supp. 3d at 722 (quoting *Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

### B. *Pro Se* Filings

It is well-established that pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations omitted). A court reviewing a *pro se* complaint must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Board of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted); *see also Rene v.*

7

*Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (holding that a court must "make reasonable allowances so that . . . *pro se* plaintiffs do not forfeit their rights by virtue of their lack of legal training."). Nevertheless, the court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Ogunmokun v. American Educ. Servs./PHEAA*, No. 12-CV-4403, 2014 WL 4724707, at *3 (E.D.N.Y. Sep. 23, 2014) (quoting *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995)).

## III.  DISCUSSION

FEMA argues that the Court lacks subject matter jurisdiction because, as an agency of DHS, an executive department of the United States, it is entitled to sovereign immunity. As a result, FEMA should be dismissed as a defendant in this case. FEMA Mem. at 8-10. FEMA further claims that it did not write the SFIP for Plaintiff, which was issued by ABIC. Reply at 4-5; *see also* Leonardo Decl. Ex. B ¶ I. The Court agrees.

Congress passed the NFIA with the purpose of instituting "a reasonable method of sharing the risk of flood losses" by subsidizing flood insurance through private insurers. 42 U.S.C. §§ 4001(a)-(b). The NFIA established the NFIP, which is "administered by [FEMA and] supported by the federal treasury, which pays for claims that exceed the revenues collected by private insurers from flood insurance premiums.'" *Foster*, 128 F. Supp. 3d at 719 (quoting *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006)). Under the NFIA's WYO program, which is authorized under 42 U.S.C. § 4081(a), NFIP policyholders are insured by participating

companies. *See* 42 U.S.C. § 4081(a). "Although FEMA may issue policies directly under the Government Program, 'more than 90% are written by WYO companies.'" *Palmieri*, 445 F.3d at 183 (quoting *C.E.R. 1988, Inc. v. Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3d Cir.2004)); *Foster*, 128 F. Supp. 3d at 719. "WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies." 44 C.F.R. § 62.23(g); *Keita*, 2021 WL 3549876, at *4.

Suits against the FEMA Administrator in her official capacity arising from an SFIP are subject to the limited waiver of sovereign immunity contained in 42 U.S.C. § 4072, including its one-year limitations period. 42 U.S.C. § 4072; *Keita*, 2021 WL 3549876, at *4 ("Although NFIA contains a partial waiver of sovereign immunity for suits against FEMA for denial of insurance coverage under 42 U.S.C. § 4072, 'courts across the country . . . have consistently held that this provision does not permit WYO program policyholders to sue FEMA when the WYO company denies their claim.'") (quoting *Foster*, 128 F. Supp. 3d at 724  (collecting cases)). "In other words, § 4072 extends a waiver of sovereign immunity exclusively where FEMA *directly* denies an application, and does not extend to suits involving the actions of WYO companies, in issuing, adjusting, or disallowing claims." *Foster*, 128 F. Supp. 3d at 724 (internal quotation and citation omitted) (emphasis in original).

Applying these standards, the Court concludes that FEMA is entitled to sovereign immunity and should be dismissed as a defendant in this case. The relevant policy was issued by ABIC, a WYO company, rather than FEMA. Pl. Opp. Exs. G, J, K; Leonardo Decl., Ex. B, ¶¶ I, III; FEMA Reply at 4. Despite Plaintiff's claims to the contrary and conversations with Cecil, an employee of FEMA's OFIA, the SFIP was issued by ABIC as shown by the policy documents and the parties' submissions. Pl. Opp. Exs. E, G, J, K; Truitt Decl. ¶¶ 6-8; Cecil Decl. ¶¶ 6, 8. Given that FEMA did not issue the SFIP, the limited waiver of sovereign immunity under Section 4072 does not apply, and the Court lacks subject matter jurisdiction over Plaintiff's claims against FEMA. Accordingly, the Court recommends granting the motion and dismissing FEMA as a defendant in this case.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends granting FEMA's Motion and dismissing it as a defendant in this case.

## V. OBJECTIONS

A copy of this Report and Recommendation is being sent to Defendants by electronic filing on the date below. FEMA is directed to serve a copy of it on Plaintiff via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v.*

*Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York  /s/ Steven I. Locke
     February 8, 2023  STEVEN I. LOCKE
                                       United States Magistrate Judge