UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALUMNA SAGY,

              Plaintiff,

    -against-

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA a/k/a ASSURANT
and FEDERAL EMERGENCY
MANAGEMENT AGENCY,

              Defendants.
----------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

20-cv-4199 (GRB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this flood insurance action, on referral from the Honorable Gary R. Brown for report and recommendation, is Defendant American Bankers Insurance Company of Florida's ("American Bankers" or "ABIC") motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56. *See* Notice of Motion for Summary Judgment by American Bankers Insurance Company of Florida ("ABIC's Motion"), Docket Entry ("DE") [58]; Memorandum of Law in Support of Defendant ABIC's Motion For Summary Judgment ("ABIC Mem."), DE [58-3]. By way of Complaint dated September 16, 2020, *pro se* Plaintiff Aluma Sagy ("Plaintiff" or "Sagy") sued ABIC and the Federal Emergency Management Agency ("FEMA," together "Defendants") for a denial of a flood loss claim arising under the National Flood Insurance Act 42 U.S.C. § 4001 ("NFIA") in connection with a policy issued pursuant to the National Flood Insurance Program ("NFIP"). *See generally* Complaint ("Compl."), DE [1]. Judge Brown referred ABIC's motion for pre-motion conference and any subsequent motion to this Court on June 18, 2021, and

1

ABIC filed the fully briefed motion for summary judgment on May 6, 2022, which

Plaintiff opposes.  *See* June 4, 2021 Electronic Order; ABIC Mot.; Response in

Opposition to Motion for Summary Judgment ("Pl. Opp."), DE [59];[1] Reply in Support

of Defendant ABIC's Motion for Summary Judgment ("ABIC Reply"), DE [60];

Declaration and Affidavit to Support Aluma Sagy ("Pl. Aff."), DE [67],[2] ABIC's

Response in Opposition to Affidavit to Support of Aluma Sagy ("ABIC Resp. to Pl.

Aff."), DE [71].  For the reasons set forth below, the Court respectfully recommends

granting ABIC's Motion and dismissing Plaintiff's claim.[3]

## I.    BACKGROUND

The following facts are taken from the Complaint, ABIC's Rule 56.1 Statement

and the parties' submissions, and are undisputed unless otherwise noted.  *See* Rule

56.1 Statement of Uncontested Facts ("ABIC 56.1") with Declaration of Stephanie

Dixon ("Dixon Decl."), DE [58-2];[4] Second Declaration of Stephanie Dixon ("Second

Dixon Decl."), DE [60-1].

### A.  Relevant Facts

Plaintiff resides at 188 Seaview Avenue, Island Park, New York.  Compl. at 2;

ABIC 56.1 ¶ 1.  FEMA is a federal agency within the Department of Homeland

---

[1] Plaintiff filed her Opposition three times at DEs [59], [63] and [66], but they appear to be materially identical other than a cover letter attached to DE [63].

[2] The Court directed Plaintiff to provide an affidavit in support of her claims and any additional evidence she wanted the Court to consider on December 1, 2022.  *See* December 1, 2022 Electronic Order.  Sagy submitted an affidavit at DE [67], and the Court permitted ABIC to file a response, which it did at DE [71].

[3] At the same time the Court enters this Report and Recommendation, it also issues an R&R recommending that the Court grant FEMA's motion to dismiss, which if both are adopted, would dismiss this case.  *See* DE [72].

[4] Plaintiff failed to counter Defendant's 56.1 Statement or provide her own statement of undisputed facts despite ABIC providing notice pursuant to Local Rule 56.2.  *See* DE [58-1].

Security ("DHS") that coordinates the response to disasters in the United States, and it administers programs such as the NFIP. *See* DE [50] at 3. American Bankers is a Write Your Own ("WYO") company that issues Standard Flood Insurance Policies ("SFIPs") pursuant to the NFIP. ABIC 56.1 ¶ 2. American Bankers issued an SFIP number 6400855645 for Plaintiff's house with a policy period of June 14, 2018 to June 14, 2019. ABIC 56.1 ¶ 3; Dixon Decl. Ex. A; Pl. Opp. Ex. G. According to ABIC, the Policy provides building coverage of $250,000 with a $1,250 deductible and $30,500 in contents coverage with a $1,250 deductible. Dixon Decl. ¶ 6; *see* Pl. Opp. Ex. G.

Plaintiff's SFIP, as with all SFIPs, requires that in the event of a loss, the insured must submit to the WYO Company a timely, signed and sworn Proof of Loss stating the total amount being claimed and an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss, including any bills, receipts and related documents. ABIC 56.1 ¶¶ 6-7; *see* 44 C.F.R. Pt. 61, App. A(1), Art. VII. G; Pl. Opp. Ex. H ¶ J. The deadline to submit the Proof of Loss is 60 days from the event creating the loss. ABIC 56.1 ¶¶ 6-7; Dixon Decl. ¶ 10; Pl. Opp. Ex. H ¶ J. 4. The SFIP also provides that the WYO company will hire an insurance adjuster to investigate the claim, but the insured must send the Proof of Loss to the WYO provider even if the adjuster furnishes the form or helps complete it as the adjuster is not authorized to approve or disprove claims. Pl. Opp. Ex. H ¶ J. 7-8; 44 C.F.R. Pt. 61, App. A(1), Art. VII. G. 7-8.

On or about October 27, 2018, a storm occurred and caused flood damage to Plaintiff's home. Compl. at 5; ABIC 56.1 ¶¶ 4-5. Attached to the Complaint and

Opposition are exhibits consisting of invoices for estimates and repairs on Sagy's home with service dates between October 28 and October 30, 2018 totaling over $270,000. These repairs include: (i) yard cleaning; (ii) removing debris; (iii) replacing the hot water heater, boiler and piping; (iv) repairing wood flooring; (v) repairing pool stone, liner, pavers and concrete; (vi) replacing baseboard molding, drywall, plaster and paint; (vii) cleaning; (viii) installing new electrical wiring throughout the home; and (ix) an inspection and structural damage report. *See* Compl. Ex. 1; Pl. Opp. Exs. D-F.

The parties dispute whether Plaintiff submitted a timely and adequate Proof of Loss to ABIC, which was due on or before December 26, 2018. *See* Pl. Opp. at 2; Pl. Aff. ¶¶ 2-3; ABIC 56.1 ¶¶ 11-12. Sagy alleges that an adjuster from Pilot Flood Management came to her home a few days after the storm and told her that the damage would need to be assessed by an engineer. Pl. Opp. at 2. According to Plaintiff, ABIC authorized, and FEMA paid for, an engineer from Keystone Experts + Engineers ("Keystone") to inspect her home on November 21, 2018 and to complete a report concerning the extent of the damage, which was dated December 7, 2018. Pl. Opp. at 2; Pl. Opp. Ex. F. Keystone provided a supplemental report to Pilot Flood Management dated January 2, 2019. Pl. Opp. Ex. F. Plaintiff also hired Clyde Porter Jr. Consulting Engineers to complete a separate inspection, and that report was dated April 28, 2019. *See* Pl. Opp. at 2, Ex. F.

Sagy further claims that she completed and mailed a "Proof of Loss form [she] signed on 12/5/2018 and sent to Angela L. Williams from Pilot Flood Management,"

4

and that ABIC issued her a check.  *See* Pl. Opp. at 2; Pl. Opp. Exs. B, C; Pl. Aff. ¶¶ 1-3.  This check was for $4,271.84 and dated February 5, 2021, over two years later.  Pl. Opp. Ex. E.  Plaintiff submits two Proof of Loss forms dated December 5, 2018, and the first is a claim for $3,521.84, and the second is for $270,105.  *See* Pl. Opp. Exs. B, C.  According to Sagy, Exhibit C is the Proof of Loss form with "the corrected coverage amount in the policy," and she was instructed by Pilot Flood Management to sign both forms and sent repair receipts along with the Proof of Loss forms to the adjuster.  Pl. Opp. at 1-2; Pl. Aff. ¶¶ 1-2.  Finally, Plaintiff claims that she spoke with Elaine Anderson, Supervisor Senior Flood Claims Adjuster who found her claim form dated December 5, 2018 and mailed her a check, although Plaintiff does not provide further details regarding this conversation, who this individual worked for, or whether this payment was the same February 5, 2021 check issued by American Bankers.  *See* Pl. Aff. ¶ 3.

ABIC contends that Pilot Flood Management is the independent adjuster who was assigned to Plaintiff's matter during the claims process pursuant to the SFIP.  Second Dixon Decl. ¶ 5.  Neither Defendant nor Plaintiff, however, indicates how ABIC was informed of the damage to Plaintiff's home or provides detail as to communications about sending an adjuster to the property.  American Bankers further states that based upon a review by Senior Claims Manager Stephanie Dixon, Plaintiff failed to submit to ABIC any Proof of Loss within the 60-day deadline, including the two Proof of Loss forms dated December 5, 2018.  ABIC 56.1 ¶ 12; Dixon Decl. ¶¶ 1-3, 14; ABIC Resp. to Pl. Aff. at 2; Second Dixon Decl. ¶¶ 1, 3-7.  This review

contained records from Pilot Flood Management, but the Proof of Loss forms dated

December 5, 2018 are not in Sagy's file with ABIC.  ABIC Resp. to Pl. Aff. at 2; Second

Dixon Decl. ¶¶ 5-6.  Defendant further alleges that none of the invoices attached to

the Complaint or Plaintiff's Opposition were submitted to American Bankers.  Second

Dixon Decl. ¶ 6; ABIC Resp. to Pl. Aff. at 2.  According to ABIC, Plaintiff submitted

a late and inadequate Proof of Loss on or about February 1, 2021, although it does

not attach this form to its motion.  *See* ABIC 56.1 ¶¶ 12-13; Dixon Decl. ¶ 15; ABIC

Response to Pl. Aff. at 3.  Even though she missed the Proof of Loss deadline,

American Bankers claims that it worked with Plaintiff and her counsel[5] to obtain a

limited FEMA waiver and a payment of $4,271.84, which is the February 5, 2021

check submitted.  ABIC 56.1 ¶ 13; Dixon Decl. ¶ 15; ABIC Resp. to Pl. Aff. at 3.

Sagy alleges that Defendants refuse to pay her claim for damages, which she

estimates to be in excess of $280,000.  Compl. at 5; Pl. Opp. at 1, 3.  Plaintiff further

alleges that all damages are covered under her SFIP.  *Id.* at 6.

## B. Procedural History

Based on the above, Sagy commenced this action against FEMA and ABIC by

way of Complaint on September 16, 2020 pursuant to the NFIA for denial of a flood

damage claim to her home under her SFIP and seeks over $280,000 in damages.  *See*

Compl.  ABIC answered on March 9, 2021.  *See* DE [10].

On June 17, 2021, ABIC filed a motion for pre-motion conference for summary

judgment before Judge Brown, which he referred to this Court as well as the

---

[5] American Bankers does not elaborate on this point as Sagy is unrepresented in this action, but the Court addresses the issue of a limited waiver by FEMA below.

anticipated motion on June 18, 2021.  *See* DE [18]; June 18, 2021 Electronic Order.

ABIC filed its motion for summary judgment pursuant to Fed. R. Civ. P. 56 on May

6, 2022.  *See* ABIC Mot.  Plaintiff opposes.  *See* Pl. Opp.  For the reasons set forth

below, the Court respectfully recommends granting ABIC's Motion and dismissing

Plaintiff's claim.

## II.    LEGAL STANDARD

### A. Summary Judgment

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears

the burden of establishing that there are no issues of material fact such that summary

judgment is appropriate.  *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court "is not to weigh the evidence

but is instead required to view the evidence in the light most favorable to the party

opposing summary judgment, to draw all reasonable inferences in favor of that party,

and to eschew credibility assessments." *Amnesty Am. v. Village of West Hartford*, 361

F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment

should be denied if "the evidence is such that a reasonable jury could return a verdict

for the nonmoving party").

Once the movant has met its initial burden, the party opposing summary

judgment "must do more than simply show that there is some metaphysical doubt as

to the material facts. . . . [T]he nonmoving party must come forward with specific facts

7

showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party").

In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986); *see also Artis v. Valls*, No. 9:10-cv-427, 2012 WL 4380921, at *6, n. 10 (N.D.N.Y. Sep. 25, 2012) ("It is well established that issues of credibility are almost never to be resolved by a court on a motion for summary judgment").

### B. *Pro Se* Filings

It is well-established that pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations omitted); *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (holding that a court must "make reasonable allowances so that . . . *pro se* plaintiffs do not forfeit their rights by virtue of their lack of legal training."). Nevertheless, the court "need not argue a *pro se*

8

litigant's case nor create a case for the *pro se* which does not exist." *Ogunmokun v. American Educ. Servs./PHEAA*, No. 12-CV-4403, 2014 WL 4724707, at *3 (E.D.N.Y. Sep. 23, 2014) (quoting *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995)).

## III.   DISCUSSION

ABIC argues that Plaintiff's claim should be dismissed because Sagy failed to submit a timely and adequate Proof of Loss pursuant to the SFIP. ABIC Mem. at 5-7. Further, even if Plaintiff submitted Proof of Loss forms to the claims adjuster at Pilot Flood Management dated December 5, 2018, Sagy did not submit the Proof of Loss to ABIC, the WYO insurer, as required under the SFIP, and the Proof of Loss forms attached to Plaintiff's Opposition were deficient as they did not include an inventory of damaged property with receipts and related documents. ABIC Reply at 4-5; ABIC Resp. to Pl. Aff. at 2. The Court agrees.

Congress passed the NFIA with the purpose of instituting "a reasonable method of sharing the risk of flood losses" by subsidizing flood insurance through private insurers. 42 U.S.C. § 4001(a)-(b). The NFIA established the NFIP, which is "administered by [FEMA and] supported by the federal treasury, which pays for claims that exceed the revenues collected by private insurers from flood insurance premiums.'" *Foster v. Federal Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 721 (E.D.N.Y. 2015) (quoting *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006)). Under the NFIA's WYO program, which is authorized under 42 U.S.C. § 4081(a), NFIP policyholders are insured by participating companies, such as ABIC. *See* 42 U.S.C. § 4081(a). WYO companies may act as "fiscal agents of the United

9

States," 42 U.S.C. § 4071(a)(1), "but they are not general agents and therefore must strictly enforce the provisions set out in the regulations, varying the terms of a policy only with FEMA's express written consent." *Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 175 (2d Cir. 2012); *see* 44 C.F.R. §§ 61.13(d)-(e), 62.23(c)-(d).

In the event of a loss, the insured must submit a sworn, timely, itemized and documented Proof of Loss to the WYO company within 60 days under the NFIA. 44 C.F.R. Pt. 61, App. A(1), Art. VII. G. The Proof of Loss must include: (i) the date and time of loss; (ii) a brief explanation of how the loss happened; (iii) interest in the damaged property; (iv) details of any other insurance that may cover the loss; (v) changes in title or occupancy of the insured property during the term of the policy; (vi) specifications of damaged buildings and detailed repair estimates; (vii) names of mortgagees or anyone else having a lien, charge, or claim against the insured property; (viii) details about who occupied any insured building at the time of loss and for what purpose; and (ix) the inventory of damaged personal property described. *Id.*

Because disbursements under the SFIP are a direct charge on the Federal Treasury, the Proof of Loss requirement is strictly construed. *See Jacobson*, 672 F.3d at 174 (adopting the standard set forth in other Circuits that "the interpretation of SFIP proof-of-loss requirements . . . must be strictly construed and enforced"). Moreover, WYO Companies cannot waive or vary the terms and conditions of the SFIP, including the timely Proof of Loss requirement, without the express written consent of the Federal Insurance Administrator ("FIA"). *See* 44 C.F.R. §§ 61.13(d)-

(e), 62.23(c)-(d); *Ravasio v. Fidelity Nat. Prop.*, 81 F. Supp. 3d 274, 277-78 (E.D.N.Y.
2015).   Consequently, the insured must comply with the Proof of Loss requirement,
or any action to recover against the WYO company is properly dismissed.   44 C.F.R.
§ Pt. 61, App. A(2) Art. VII. O.   ("You may not sue us to recover money under this
policy unless you have complied with all the requirements of the policy. . . . This
requirement applies to any claim that you may have under this policy and to any
dispute that you may have arising out of the handling of any claim under the policy.");
*see Ravasio*, 81 F. Supp. 3d at 278 ("because the Plaintiffs have failed to comply with
the requirements of the SFIP, the present action is barred as a matter of law and
Fidelity is entitled to summary judgment."); *see also Kannry v. LibertyMut. Grp., Inc.*,
No. CV 14-1539 (GRB), 2015 WL 10641776, at *2 (E.D.N.Y. Dec. 23, 2015) (noting
that Plaintiffs' failure to file a "pre-suit sworn proof of loss" is "fatal to an action to
recover" pursuant to the terms of the SFIP).   "Although this result may seem harsh,
'[t]he principles unique to governmental insurance policies that require a strict
construction of their terms and requirements can sometimes create ostensibly
inequitable results.'" *Wing Bldg. Holding Co. LLC v. Standard Fire Ins. Co.*, No. 1:13-
CV-1007 FJS/RFT, 2015 WL 631956, at *3-4 (N.D.N.Y. Feb. 13, 2015) (quoting
*Jacobson,* 672 F.3d at 176) (finding that the plaintiff failed to submit a timely proof
of loss and dismissed the case even where the plaintiff's insurance agent misleadingly
stated that the Proof of Loss was to be submitted by the defendant's insurance
adjuster and not by the plaintiff).

Further, the SFIP's waiver provision states that "[t]his policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator.  No action we take under the terms of this policy constitutes a waiver of any of our rights." 44 C.F.R. pt. 61, App. a(1), Art. VII. D. 3.  As a result, "[i]t is well established . . . that the actions of an insurance company under the NFIP cannot waive requirements set by the government, or operate as an estoppel against the government." *Jacobson*, 672 F.3d at 177; *see DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 86-87 (1st Cir. 2013) (finding that because no "express written consent from FEMA waived the proof-of-loss requirement for the unsigned and unsworn estimate from [Plaintiff's] adjuster[,] . . . DeCosta cannot sue to recover the difference between his adjuster's estimate and the amount of money that Allstate has already paid him for flood damages to his building").  If FEMA issues a limited waiver for an untimely Proof of Loss, that does not excuse noncompliance with the Proof of Loss requirement, and "[b]ased on the SFIP and specific limiting language in FEMA waivers, courts have rejected similar arguments that limited waivers may be extended more broadly." *Bagley v. New York Cent. Mut. Fire Insurancy Co.*, No. 313CV00241BKSDEP, 2015 WL 12556146, at *6 (N.D.N.Y. June 17, 2015) (collecting cases); *see Scharr v. Selective Ins. Co. of New York*, No. 1:16-CV-06821(MAT), 2017 WL 4778779, *6-11 (W.D.N.Y. Oct. 23, 2017) ("Plaintiffs' waiver argument is precluded by the express terms of the Policy.").

Applying these standards, the Court concludes that Plaintiff's claim against ABIC fails as a matter of law because, even drawing all inferences in her favor, Sagy

has not sufficiently established that she complied with the Proof of Loss requirement under the SFIP.  It is undisputed that the FIA did not consent to an extension, making the 60-day deadline for Plaintiff to submit a Proof of Loss for the damages to her home December 26, 2018.  While Sagy claims that she mailed two timely, signed Proof of Loss forms to Angela L. Williams from Pilot Flood Management dated December 5, 2018, Pl. Opp. at 2, Williams was the independent adjuster, and Plaintiff fails to demonstrate that she submitted the Proof of Loss forms to ABIC, the WYO insurer.    Moreover, Sagy fails to establish that she included the required documentation along with a timely Proof of Loss including an inventory of damaged personal property to ABIC.  While she, again, claims that she sent the invoices attached to her Opposition to Pilot Flood Management, Pl. Aff. ¶¶ 1-2, Sagy failed to send these documents to American Bankers pursuant to the policy.  *See* Pl. Opp. Ex. H ¶ J.  Accordingly, even if she was mistaken in submitting the forms to the adjuster, Plaintiff failed to meet the Proof of Loss requirement.  Moreover, to the extent Sagy argues that the limited FEMA waiver that led to the $4,271.84 payment on February 5, 2021 by ABIC constitutes a broader waiver as to the remainder of her losses, *see* Pl. Opp. at 1-2; Pl. Opp. Ex. E, this is inconsistent with the terms of the policy. Because the SFIP must be strictly construed, Plaintiff's claim against American Bankers fails as a matter of law, and the Court recommends granting ABIC's motion and dismissing the claim.

IV.    **CONCLUSION**

For the reasons set forth above, the Court respectfully recommends granting ABIC's Motion and dismissing Plaintiff's claim.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being sent to Defendants by electronic filing on the date below.  ABIC is directed to serve a copy of it on Plaintiff via first-class mail and promptly file proof of service by ECF.    Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).    Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      February 8, 2023                /s/ Steven I. Locke
                                     STEVEN I. LOCKE
                                     United States Magistrate Judge